UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARONTAE D. JACKSON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STOLK, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:23-cv-00247-MMD-CSD<br><br>ORDER |

　　　　This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. (ECF No. 1-1). In screening Plaintiff's first amended complaint, the Court allowed some claims to proceed and dismissed the rest with leave to file a second amended complaint by January 5, 2024, if Plaintiff so chose. (ECF No. 7). Before that deadline expired, Plaintiff filed a motion stating that he chose not to file a second amended complaint, and wanted to proceed as stated in the Court's December 6, 2023, screening order. (ECF No. 8). The Court granted Plaintiff's motion, stayed this action for 90 days, and referred the parties to mediation with a Court-appointed mediator. (ECF Nos. 9, 11). Settlement was not reached at the mediation conference. (ECF No. 19).

　　　　Plaintiff is no longer incarcerated and has filed an application to proceed *in forma pauperis* for non-inmates. (ECF No. 21). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this action. And Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2) because he is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

　　　　IT IS THEREFORE ORDERED that:

　　　　1.　　Plaintiff's application to proceed *in forma pauperis* for non-inmates (ECF No. 21) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security.

　　　　2.　　The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's first amended complaint (ECF No. 6) on the Office of the Attorney

General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

3. Service must be perfected within 90 days from the entry date of this order consistent with Federal Rule of Civil Procedure 4(m).

4. Subject to the findings of the screening order (ECF No. 7), within 21 days from the entry date of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Office will attempt to obtain and provide the last known physical address(es).

5. If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General's Office has not provided last-known-address information, Plaintiff will provide the full name and address for the defendant(s).

6. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the first amended complaint (ECF No. 6) within 60 days from the entry date of this order.

7. Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for the Court's consideration. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. IC 4-1(b); Nev. LR 5-1. But if Plaintiff mails the document to the Court,

1 Plaintiff will include with it a certificate stating the date that a true and correct copy of the
2 document was mailed to the defendants or their counsel. If counsel has entered a notice
3 of appearance, Plaintiff will direct service to the individual attorney named in the notice of
4 appearance, at the physical or electronic address stated therein. The Court may disregard
5 any document received by a district judge or magistrate judge that has not been filed with
6 the Clerk, and any document received by a district judge, magistrate judge, or the Clerk
7 that fails to include a certificate showing proper service when required.

      8.     This case is no longer stayed.

Dated this 4th day of March 2024.



U.S. Magistrate Judge

3